**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**


MATTHEW QUINN MASON,

           **Petitioner,**

v.                                   **Civil Action No. 3:11CV60**
                                         **Criminal Action No. 3:08CR30-2**
                                       **(Judge Bailey)**

UNITED STATES OF AMERICA,

           **Respondent.**


## REPORT AND RECOMMENDATION
## THAT §2255 MOTION BE DENIED


### I.      INTRODUCTION


On July 22, 2011, the *pro se* petitioner, Matthew Quinn Mason ("Petitioner"), filed a

Motion pursuant to 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in

Federal Custody. (Dkt. No. 153). On September 20, 2011, the Government filed its Response.

On November 9, 2011, Petitioner filed a Reply to the Government's Response.

### II.      FACTS

**A.      Conviction and Sentence**

On May 20, 2008, Petitioner was named in a three-count indictment for  conspiracy to

retaliate against a witness in violation of 18 U.S.C. §§ 1513(f) and 1513(a)(1)(A); aiding and

abetting in the retaliation against a witness in violation of 18 U.S.C. § 1513(a)(1)(A); and aiding

and abetting in the damage of the property of another in retaliation for such person's testimony in

an official proceeding in violation of 18 U.S.C. §§ 2 and 1513(b)(1). Petitioner pled not guilty

and the case proceeded to trial.

Following a two-day trial, on October 28, 2008, Petitioner was convicted on all three counts. Petitioner was then sentenced on April 7, 2009, to a term of imprisonment of 95 months on each count, to run concurrently, four years of supervised release, a $300 special assessment fee, and restitution due in the amount of $4,166.00.

**B.      Appeal**

Petitioner filed a Notice of Appeal on April 7, 2009, arguing that the district court erred in denying his Rule 29 Motion for a Judgment of Acquittal because the evidence was insufficient to support a conviction and that the district court abused its discretion in admitting evidence of prior interactions between Petitioner and Darryl Clinkscale, the victim. On April 16, 2010, the Fourth Circuit Court of Appeals affirmed the District Court's decision in a *per curiam* opinion. The Fourth Circuit issued its mandate on May 10, 2010.

**C.      Federal Habeas Corpus**

Petitioner claims he received ineffective assistance of counsel because his attorney:

(1)      Failed to investigate and prepare his defense

(2)      Failed to retain expert services

(3)      Failed to challenge the Government's suppression of material evidence favorable to him

(4)      Failed to object to the jury selection process and conduct a proper voir dire

(5)      Failed to object to hearsay testimony

(6)      Failed to object to prosecutorial misconduct

(7)      Failed to object to prejudicial, irrelevant testimony and collateral evidence

(8)      Failed to properly cross-examine witnesses

(9)      Improperly denied his right to testify

(10)     Failed to object to evidence referencing movant's right to remain silent

(11)     Failed to effectively object to or challenge the presentence report

(12)     Failed to move for a downward departure or argue for a reduction of sentence

(13)     Failed to provide movant with case files

(14)     Failed to preserve conflict of interest issues

(15)     Failed to convey a plea bargain offered to him by the Government

Petitioner also claims, in grounds two and three, that he was denied ineffective assistance of appellate counsel and that he is actually innocent of the crimes for which he was convicted. Petitioner also requests that this Court hold an evidentiary hearing so that he may fully develop all the facts surrounding his claims for relief.

The Government contends these arguments lack substantive merit because Petitioner has offered no specific facts nor pointed to the record in order to support his claims. Additionally, the Government contends that Petitioner cannot meet his burden under Strickland because he has not shown that but for these alleged errors, the outcome of his trial would have been different. Furthermore, as to Petitioner's actual innocence claim, the Government contends Petitioner has offered no specific evidence that was wrongly excluded, has not presented any new evidence that was not presented at trial, and has not disputed the truth or sufficiency of the evidence presented at trial, and therefore his claim must fail.

**D.     Recommendation**

Based upon a review of the record, the undersigned recommends that Petitioner's § 2255 Motion be denied and dismissed from the docket because Petitioner's claims are without merit.

# III.    ANALYSIS

### A.  Petitioner's Burden of Proof

"A petitioner collaterally attacking his sentence or conviction bears the burden of proving his sentence or conviction was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255. A motion collaterally attacking a petitioner's sentence brought pursuant to § 2255 requires the petitioner to establish his grounds by a preponderance of the evidence." Sutton v. United States, No. 2:02CR65, 2006 WL 36859, at *2 (E.D.Va. Jan. 4, 2006).

### B.    Procedural Default

The Court finds petitioner is not procedurally barred from raising claims of ineffective assistance of counsel in his present § 2255 motion.  It is well settled that issues previously rejected on direct appeal may not be raised in a collateral attack.  Boeckenhaupt v. United States, 537 F.2d 1182 (4th Cir. 1976).  Constitutional errors that were capable of being raised on direct appeal but were not may be raised in a § 2255 motion so long as the petitioner demonstrates 1) "cause" that excuses his procedural default, and 2) "actual prejudice" resulting from the alleged error.  United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994).  Claims of ineffective assistance of counsel not raised on direct appeal and raised on collateral attack do not require a "cause and prejudice" showing because these claims are more appropriately raised on collateral attack than on direct appeal.  See United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), cert. denied, 528 U.S. 1096 (2000); White v. United States, No. 5:03CV02084, 2006 U.S. Dist. LEXIS 45122, at *7-8 (S.D. W.Va. June 20, 2006).

**C.     Ineffective Assistance of Counsel**

Claims of ineffective assistance of counsel are measured under a two-part analysis outlined in Strickland v. Washington, 466 U.S. 668, 687 (1984).  First, the petitioner must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. In reviewing claims of ineffective assistance of counsel, "judicial scrutiny of counsel's performance must be highly deferential," and the court "must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 689-90.  Second, the petitioner must demonstrate he was prejudiced by counsel's performance.  In order to demonstrate prejudice, "the defendant must show there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.  A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694.  If the defendant shows no prejudice from the alleged ineffectiveness of counsel, courts need not address counsel's performance. Fields v. Attorney Gen. of Maryland, 956 F.2d 1290, 1297 (4th Cir.), cert. denied, 506 U.S. 885 (1992).

**Claim 1: Ineffective Assistance of Counsel**

**A.  Failure to Investigate**

Petitioner's first contention is that he received ineffective assistance of counsel because his attorney failed to properly investigate his case. More specifically, Petitioner claims his counsel failed to question witnesses, visit the crime scene and other locations, examine physical evidence, and marshal the facts and evidence in his defense.

The Fourth Circuit has held that "an attorney's representation is deficient when he fails[s] to contact and interview important prospective witnesses, especially when they were readily available or had been identified by the petitioner prior to trial." Huffington v. Nuth, 140 F.3d

572, 580 (4th Cir. 1998). Although "a lawyer's failure to investigate a witness who has been

identified as crucial may indicate an inadequate investigation, the failure to investigate everyone

whose name happens to be mentioned by the defendant does not suggest ineffective assistance."

Id. (citations omitted). With regard to claims of ineffective assistance of counsel for failure to

investigate, the Supreme Court has held that even where counsel could have made a more

thorough investigation, in considering claims of ineffective assistance of counsel, "[it]

address[es] not what is prudent or appropriate, but only what is constitutionally compelled."

Burger v. Kemp, 483 U.S. 776, 794 (1987)(quoting United States v. Cronic, 466 U.S. 648, 665 n.

38 (1984)).

      Further, in order to be successful, a petitioner must explain what additional evidence

would have been obtained from the additional interviews or meetings. See Bassette v.

Thompson, 915 F.2d 932, 940-41 (4th Cir. 1990). Defense counsel has a duty to conduct a

pretrial investigation that is "reasonable [ ] under prevailing professional norms." Strickland, 466

U.S. at 688. A decision not to investigate "must be directly assessed for reasonableness in all the

circumstances, applying a heavy measure of deference to counsel's judgments." Id. at 691; See

also Byram v. Ozmint, 339 F.3d 203, 209 (4th Cir. 2003). Counsel's performance is to be

evaluated "from counsel's perspective at the time of the alleged error and in light of all the

circumstances and the standard of review is highly deferential." Kimmelman v. Morrison, 477

U.S. 365, 381 (1986).

      In this case, Petitioner first argues that counsel only made one trip to Eastern Regional

Jail to prepare for trial. But, the Court is unable to say this is unreasonable under prevailing

professional norms because counsel spent much more time preparing for trial outside of

Petitioner's presence. In addition, although Petitioner claims his counsel should have

investigated a marine recruiter who could testify to his character or "several witnesses" who could testify to his innocence, Petitioner has failed to identify what physical or testimonial evidence they could offer which he believes gave rise to a duty to further investigate.  See Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir. 1990) (holding that a petitioner must explain what additional evidence would have been obtained from the additional interviews or meetings). Here, Petitioner only makes conclusory statements that his counsel's investigation was insufficient, saying simply that he failed by not questioning certain people. But without any supporting facts indicating what other evidence could have been obtained through such efforts, such an assertion is not enough to carry the claim. Similarly, Petitioner claims his counsel should have made more effort to find evidence to show witness Clinksdale was not telling the truth, and should have made more effort to prepare his defense to evidence introduced at trial, but, as noted above, without any support indicating what counsel could have obtained through such efforts, Petitioner has not met his burden with respect to these claims. Accordingly, the Court must deny these claims of ineffective assistance of counsel.

**B.  Failure to Procure/Retain Expert Services**

Petitioner next argues that he received ineffective assistance of counsel because his attorney failed to retain expert services. Petitioner argues in his Reply that his attorney should have hired "an expert to testify that there was no gun powder residue on the drivers [sic] sine [sic] of the automobile, [or] finger prints [sic] on the recovered weapon." Reply at 4. However, Petitioner has neither identified a specific expert who could  have testified at trial nor described the testimony that the unidentified ballistics and firearms expert would have given at trial. Evans v. Cockrell, 285 F.3d 370, 377 (5th Cir. 2002)("Complaints of uncalled witnesses are not favored in federal habeas corpus review because allegations of what the witness would have testified are

largely speculative…In addition, for [petitioner] to demonstrate the requisite Strickland prejudice, [he] must show not only that [the] testimony would have been favorable, but also that the witness would have testified at trial.")(citations omitted). See also Grisby v. Blodgett, 130 F.3d 365, 373 (9th Cir. 1997)("Speculation about what an expert could have said is not enough to establish prejudice [under Strickland]."). Furthermore, Petitioner has not provided an affidavit or any kind of evidence to establish that an expert would have testified in the way suggested by Petitioner. Finally, when a request for an expert witness is made, it must be reviewed by the trial court under the appropriate standard of review, so Petitioner's assumption that an additional ballistics and firearms expert would have been appointed by the trial court is conclusory and speculative at this juncture since such a motion may well have been denied. Accordingly, this Court must deny Petitioner's claims of ineffective assistance of counsel based on his attorney's failure to retain expert services.

### C. Failure to Challenge the Government's Suppression of Material Evidence Favorable to Movant

Next, Petitioner argues that he received ineffective assistance of counsel because his attorney failed to challenge the Government's suppression of material evidence favorable to movant. There is no question "that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or punishment, irrespective of the good faith or bad faith of the prosecution," Brady v. Maryland, 373 U.S. 83, 86 (1963), so a reasonable attorney would make certain to receive all available exculpatory evidence. In this case, however, although Petitioner claims his counsel did not see to it that the Government turned over such evidence, his claims are noticeably lacking in factual foundation. Petitioner makes no attempt to explain what evidence the Government had in its possession that it did not turn over, or what effect such evidence would have had on his conviction. Without

describing the evidence alleged to be exculpatory or some other showing to indicate what that evidence would be, Petitioner cannot show deficient performance. See Brannon v. United States, No. 1:03-CR-98, 2010 WL 1492225, at *8 (E.D.Tenn. Apr. 14, 2010) (analyzing a similar § 2255 claim for relief in which movant tendered documents with his motion, but finding no deficient performance under Strickland). Accordingly, this Court must dismiss Petitioner's claim as without merit.

### D.  Failure to Object to Jury Selection Process and Conduct Proper Voir Dire

Petitioner argues that his trial counsel was ineffective because the "prosecution strategically and intentionally removed minorities and traditionally defense friendly racial types from the movant's petit jury…[and] [c]ounsel did not develop and/or object to the government's exclusion of [these] individuals from service [on] movant's petit jury." Motion at 4.  Petitioner also maintains that his counsel failed to ask proper questions during voir dire in order to ascertain jurors who might harbor prejudices.

A defendant has the right to trial by a jury selected from a fair cross section of the community. Duren v. Missouri, 439 U.S. 357, 363-64 (1979); United States v. Lewis, 10 F.3d 1086, 1089-90 (4th Cir. 1993); United States v. Espinoza, 641 F.2d 153, 168 (4th Cir. 1981). However, "[i]n order to establish a prima facie violation of the fair cross-section requirement, the defendant must show (1) that the group alleged to be excluded is a 'distinctive' group in the community; (2) that the representation of this group in venires from which juries are selected is not fair and reasonable in relation to the number of such persons in the community; and (3) that this underrepresentation is due to systematic exclusion of the group in the jury-selection process." Duren, 439 U.S. at 364. Furthermore, in the Fourth Circuit, voter registration lists used to select potential jurors is legitimate, even if minorities are underrepresented on the lists, so long

as there is not affirmative discrimination in voter registration. United States v. Cecil, 836 F.2d 1431, 1448 (4th Cir. 1988). It should be noted the jury venire in this district is taken from merged voter registration rolls and motor vehicle operators or chauffeur licenses- a much wider list than the voter registration rolls approved in Cecil. See Amended Jury Plan, Northern District of West Virginia,1:05-mc-8.

The Court thus finds Petitioner's contention unpersuasive. There is no indication that the jury selection strategy used by the prosecution resulted in a jury that was not a fair cross section of the community. The United States District Court for the Northern District of West Virginia has instituted its "Plain Prescribing Method for the Composition of Jury Wheels and the Qualification and Random Selection of Grand and Petit Jurors" ("Plan"). Under the Plan, prospective jurors are randomly chosen from a master list of individuals registered to vote in the counties within the division and individuals who are listed as licensed drivers by the state's Division of Motor Vehicles. Plan § 2.03. Using this Plan, the possible jurors at Petitioner's trial was randomly selected using a pool of who were voters or drivers in Berkeley, Hampshire, Jefferson, Mineral, and Morgan counties, creating a fair cross section of potential jurors in the Martinsburg Division. Similarly, the jury venire is chosen through the same randomized process. Furthermore, although Petitioner asserts that the Government systematically excluded certain racial types from the venire, a review of the Master Judge's List shows that the Government used its six preemptory strikes for five jurors and one alternate juror, all of whom were white. Accordingly, this Court does not find Petitioner has shown a Government strategy of systematic exclusion of minorities from the jury venire so his claim must be denied.

### E.  Failure to Object to Hearsay Testimony

Next, in attempting to prove deficiency on his counsel's part, Petitioner relies on <u>Pointer v. Texas</u>, 380 U.S. 400 (1965) and <u>Maryland v. Craig</u>, 497 U.S. 836 (1990) to assert that his trial counsel failed to raise the issue of hearsay testimony being introduced during trial, depriving him of his right to confront and cross-examine witnesses.  In order for this Court to be able to assess Petitioner's claims, it would have to know which Government witness testimony he is referring to and what statements were made by the witnesses that are alleged to be hearsay. Without such evidence, the Court must find that Petitioner has failed to meet his burden under Strickland. Furthermore, to the extent Petitioner is objecting to the testimony of a co-conspirator, <u>Crawford v. Washington</u>, establishes that out-of-court statements that are testimonial in nature are inadmissible unless the declarant is available for confrontation and cross-examination. 541 U.S. 36, 52 (2004).  In the instant case, there were statements made by his co-conspirator, but co-conspirator Latta testified at trial, and could have been cross-examined by Petitioner.  Therefore, to the extent Petitioner is making an argument under <u>Crawford</u>, his argument is also without merit. Accordingly, the Court finds that Petitioner's claim of ineffective assistance of counsel for his failure to object to hearsay testimony also must fail.

### F.  Failure to Object to Prosecutorial Misconduct

Next Petitioner contends that the prosecution engaged in misconduct by harassing potential defense witnesses; suppressing material evidence favorable to the defense; manipulating the jury selection process; and making repeated statements in its opening statement and closing argument that violated Petitioner's right to a fair and impartial trial, and he claims that his counsel was ineffective for not objecting to this misconduct. As a general rule, "reversible prosecutorial misconduct generally has two components: that (1) the prosecutor's

remarks or conduct must in fact have been improper, and (2) such remarks or conduct must have prejudicially affected the defendant's substantial rights so as to deprive the defendant of a fair trial." United States v. Chorman, 910 F.2d 102, 103 (4th Cir. 1990) (internal quotations omitted). Here, however, Petitioner has offered no evidence indicating that the prosecution engaged in misconduct that his counsel should have objected to. As already discussed above, Petitioner offered no evidence to show what material evidence the prosecution failed to turn over, nor did Petitioner provide evidence that shows the prosecution harassed potential defense witnesses, or manipulated the jury process. Petitioner has also not provided any citations indicating what references the prosecution made in its opening or closing statements that demonstrate Petitioner's fair trial rights were violated. Furthermore, even if Petitioner was able to establish that the prosecution engaged in misconduct, he has not offered any evidence to show that it prejudiced him or the outcome of his trial as required under Strickland. Accordingly, Petitioner's claim must fail.

### G. Failure to Object to Prejudicial Irrelevant Testimony and Collateral Evidence

Petitioner next argues that the government intentionally offered irrelevant evidence and collateral evidence for the sole purpose of discrediting Petitioner before the fact finders, and as such, his counsel was ineffective for failing to object to this irrelevant testimony. Motion at 6. Specifically, he argues that the Government proffered evidence of his other crimes, his involvement with "known gang-types," and other evidence that did not go to material issues. In this case, though, the record indicates that Petitioner's counsel did object to the entry of such Rule 404(b) evidence of other crimes, wrongs or acts. Before trial, the Government gave notice of its intent to use this Rule 404(b) evidence and it also filed a Supplemental Notice of Intent to Use 404(b) Evidence. Then, the district court considered these notices pretrial. The court ruled

such evidence could be admitted, and Petitioner's counsel noted his objection to the ruling. Therefore, the Court must discredit Petitioner's assertion that his counsel did not object to such testimony. Furthermore, whether to object to testimony is a strategic decision to be made by counsel. See Higgs v. United States, 711 F.Supp. 2d 479, 515 (D.Md. 2010) Without evidence that this strategic decision was in error, there is a presumption that "counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689. Here, since Petitioner has offered no such evidence, the Court must deny his claim.

**H.  Failure to Properly Cross-Examine Witnesses**

Petitioner next argues that his attorney was ineffective because he failed to adequately cross examine "a number of witnesses." Motion at 7. However, the record shows that Petitioner's counsel extensively and vigorously cross-examined the trial witnesses. See Trial Tr. 65 (cross-examination of Mr. Clinkscale), 81 (cross-examination of Mr. Butcher), 102 (cross-examination of Mr. Doyle), 48 (cross-examination of Mr. Reed). "Defense counsel constantly must decide what questions to ask and how much time to spend on a particular witness. These are precisely the types of tactical decisions a court is not supposed to second guess." Higgs v. United States, 711 F.Supp. 2d 479, 515 (D.Md. 2010)(citing Byram v. Ozmint, 339 F.3d 203, 209 (4th Cir. 2003). See also Strickland, 466 U.S. at 689 (The Fourth Circuit has been "highly deferential" to strategy decisions of lawyers, and there is a presumption that "counsel's conduct falls within the wide range of reasonable professional assistance."); Barnes v. United States, 859 F.2d 607, 608 (8th Cir. 1998)(finding direct and cross-examination techniques are matters of trial strategy left to the discretion of counsel). Furthermore, even assuming arguendo Petitioner could show that his counsel did not fully cross-examine some witnesses, he still has not shown how trial counsel's failure to cross-examine witnesses more extensively has prejudiced him. He has not

suggested additional areas that should have been explored nor how such exploration would have aided his defense or affected the outcome of his trial. <u>United States v. Tart</u>, No. 87-7331, 1989 WL 64120, at * 2 (E.D.N.C. June 9, 1989). Therefore, Petitioner has failed to prove that counsel's alleged substandard performance actually prejudiced the outcome of his case, so Petitioner's claim must fail.

### I. Denying Petitioner's Right to Testify

Petitioner next alleges that counsel did not allow him to testify on his own behalf at trial. As a general rule, "a criminal defendant has a constitutional right to testify on his own behalf at trial." <u>United States v. Midgett</u>, 342 F.3d 321, 325 (4th Cir. 2003) (citing <u>Rock v. Arkansas</u>, 483 U.S. 44, 51 (1987)). It is "the defendant who retains the ultimate authority to decide whether or not to testify." <u>United States v. McMeans</u>, 927 F.2d 162, 163 (4th Cir. 1992)(citing <u>Jones v. Barnes</u>, 463 U.S. 745, 751 (1983)).

According to Petitioner, his attorney improperly prevented him from testifying, and if he had not, Petitioner would have taken the stand and rebutted the facts which the government presented, indicating there is a reasonable probability the jury would have found him not guilty. However, this claim is insufficiently pled. Petitioner's allegation that he would have rebutted the government's witnesses had he testified does not demonstrate that he was prejudiced by his attorney's advice. Instead, Petitioner makes only a conclusory statement. He provides no information as to the substance of what his testimony would have been and fails to explain how such testimony could have placed doubt in the jury's mind of his guilt. This, Petitioner has failed to establish he was prejudiced by his attorney's advice. <u>See</u> <u>United States v. Terry</u>, 366 F.3d 312, 318 (4th Cir. 2004). Therefore, this claim is without merit.

**J.  Failure to Object to Evidence Referring to Movant's Right to Remain Silent**

Petitioner next alleges that during his trial, the Government proffered testimony of law enforcement officers who testified about their encounters with Petitioner while investigating this case. Petitioner claims that this testimony made reference to the fact that he had exercised his Fifth and Sixth Amendment rights and was therefore strategically used to imply his guilt, and his counsel was ineffective for not having made a challenge to the testimony. Here, it is unclear how Petitioner believes his Fifth Amendment right against self-incrimination was violated. The Court has reviewed the trial transcripts, and it is unable to find examples of the improper testimony that Petitioner alleges. While it is true that several law enforcement officers did testify during the Government's case-in-chief, none of the officers alluded to the fact that Petitioner had refused to cooperate with them during their investigation, nor did they make any other references to Defendant's silence. See Trial Tr. at 74 (direct of Officer Butcher), 82 (direct of Officer Young), and 88 (direct of Officer Doyle). Petitioner has not provided the Court with any such citations either. Accordingly, this Court must dismiss Petitioner's claim for ineffective assistance of counsel for failing to object to evidence referring to Petitioner's right to remain silent because he has not carried his burden.

**K.  Failure to Object to or Challenge the Pre-Sentence Report Effectively**

Next, Petitioner argues that pre-sentence report contained numerous factual and legal errors that counsel should have objected to prior to Petitioner's sentencing, specifically "facts and sentencing calculations as it [sic] related to guidelines sentencing under the federal offenses charged." Motion at 9. Here again, Petitioner has failed to provide any specific facts indicating which statements in the presentence report his counsel should have objected to, and the facts, in contrast, indicate his attorney did not improperly fail to object to facts in the pre-sentence report.

At the sentencing hearing, the court asked Petitioner if he had "received the pre-sentence report and gone over it with [his] lawyer." The defendant answered "Yes, sir." Hr'g Tr. at 4. Furthermore, the Court also finds that even if Petitioner can prove his counsel was ineffective for failing to challenge the facts contained in his Presentence Report, Petitioner has failed to show how he was prejudiced by the facts in the Presentence Report. While Petitioner challenges numerous aspects of the pre-sentence report, Petitioner has failed to show that the sentencing judge relied on the facts in arriving at the sentence or that his sentence would have been different absent the facts in the report. See Satcher v. Pruett, 126 F.3d 561, 572 (4th Cir. 1997). Accordingly, the Court finds Petitioner has failed to demonstrate how he was prejudiced and his claim therefore lacks merit.

**L. Failure to Move for Downward Departure or Otherwise Argue for Reduction of Sentence**

Next, in a one-line argument, Petitioner contends that "[t]he Supreme Court has ruled that disrtict [sic] court may consider extraordinary factors when considering reduction in sentence under U.S.S.G. provisions." Motion at 9-10. The United States Sentencing Guidelines provide that the sentencing court may depart from the applicable guideline range where appropriate, that is, when an atypical situation takes the case out of the heartland of cases considered by the Sentencing Commission. See U.S.S.G. § 5K2.0, comment; United States v. DeBeir, 186 F.3d 561 (4th Cir. 1999). Such departures outside the guidelines rest in the discretion of the trial judge and are infrequent. U.S.S.G., Ch. 1 Pt. A, § 4(b). So, although a defendant's attorney can move for a departure under the United States Sentencing Guidelines when extraordinary factors are present, grounds must exist in order for such a motion to be made. Here, Petitioner has presented no evidence that shows his counsel could have argued for a downward departure or other reduction of sentence and therefore his attorney was not ineffective for failing to pursue it. See

United States v. Dale, 11 F.3d 1160 (4th Cir. 1998). Furthermore, it is within the purview of the court to determine whether certain grounds really are "extraordinary" enough warrant a downward departure, and the Fourth Circuit has ruled that not all grounds meet this requirement. See, e.g., United States v. Stone, 85 Fed. Appx. 925, 940 (4th Cir. 2004)(downward departure based on family ties and responsibility is a discouraged factor); United States v. Gregory, 1998 U.S. App. LEXIS 13364, at 14-15 (4th Cir. June 23, 1998)(an illegal alien is not entitled to a downward departure even if he will be deported as a consequence). Accordingly, it remains speculative and uncertain that Petitioner would have been given a downward departure, and therefore, he cannot establish that he was prejudiced by his counsel's failure to request a downward departure or other sentence reduction. There is no reasonable probability that but for counsel's alleged error the sentence Petitioner received would have been more lenient so Petitioner's claim must fail.

## M. Accumulated Ineffective Assistance of Counsel and Failure to Provide Movant with Case Files

Petitioner next argues that his counsel was ineffective because he failed, upon request, to provide Petitioner with his case files so that he could file a § 2255 motion. However, Petitioner does not allege that he was prejudiced as a result of trial counsel having failed to release the case file to him—he states only that he needed them to file a § 2255 motion, but the filing of the instant motion indicates otherwise. In addition, Petitioner makes an attempt to argue, mostly via his Reply, that even if his counsel's errors did not individually work to prejudice his case, when considered as a whole, the cumulative effect of these errors was to undermine his case. By this, Petitioner seemingly would apply a volume theory, joining all of his alleged errors into one mass under the "denial of counsel" label. However, this argument is not the approach mandated by Strickland. The Strickland analysis focuses on particular errors and the harm that flows from

them. In order to prove a claim of ineffective assistance of counsel, a habeas petitioner must identify a specific error and show that prejudice resulted from that error. Nothing in <u>Strickland</u> suggests that a combination of several errors can be prejudicial when none, standing alone, would be sufficient to authorize relief. <u>Alicea-Torres v. Unites States</u>, 455 F. Supp. 2d. 32, 56-57 (D.P.R. 2006). As such, Petitioner's ineffective assistance of counsel claim on this basis is dismissed.

### N. Failure to Preserve Conflict of Interest Issues

Petitioner next claims, in a mere two-sentence argument, that "[t]here remained a conflict of intrest [sic] prior to and during the movant's criminal proceedings that counsel should have, but did not apprise the court about. This conflict ultimately deprived movant of a fair criminal trial." Here, however, Petitioner has provided the Court with no evidence of a conflict of interest, nor has he even described the alleged conflict of interest. The Court has also reviewed the record, and it can find no evidence that there was a conflict of interest that prejudiced Petitioner in any way. Therefore, counsel could not be ineffective for failing to preserve an issue when there was no issue in the first place. Accordingly, Petitioner's claim must be denied.

### O. Failure to Convey a Proposed Plea Bargain to Petitioner

Petitioner next claims that counsel did not convey a plea offer to him on the day of trial, and that he was prejudiced by counsel's omission because he would have accepted the plea on the day of the sentence and received a lesser sentence. The Court finds petitioner's argument is without merit. Within the Fourth Circuit, a defendant's counsel has the following duty surrounding plea negotiations: "1) notify the client of a plea offer; 2) advise the client of the option to proceed to trial; 3) present the client with the probable outcomes of both the guilt and sentencing phases of each alternative; and 4) permit the client to make the ultimate decision."

Jones v. United States, 2008 U.S. Dist. LEXIS 24908, at *7 (D. Md. Mar. 28, 2008)(relying on Jones v. Murray, 947 F.2d 1106, 1110-11 (4th Cir. 1991)). Here, there is no evidence Petitioner's counsel abrogated his duty as set forth in Jones. Petitioner's counsel sent him a letter on August 14, 2008 that described the Government's plea offer and broke down the possible sentences Petitioner could face if he took the offer. Given this factual record, the Court finds no support for Petitioner's contention that the actions of counsel constituted unreasonable assistance.

**Claim 2: Ineffective Assistance of Appellate Counsel**

Petitioner next argues that he received the ineffective assistance of appellate counsel because his attorney did not raise certain issues in direct appeal that had been preserved at the trial level. The government contends that this claim lacks merit because Petitioner does not state which issues counsel failed to raise on direct appeal.

The standard of effective assistance of appellate counsel is the same as for trial counsel. See Bell v. Jarvis, 236 F.3d 149, 164 (4th Cir. 2000) ("In order to establish a claim that appellate counsel was ineffective for failing to pursue a claim on direct appeal, the applicant must normally demonstrate (1) that his counsel's performance fell below an objective standard of reasonableness in light of the prevailing norms, and (2) that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.") (internal citations and quotations omitted). On review, however, appellate counsel is accorded the "presumption that he decided which issues were most likely to afford relief on appeal." Pruett v. Thompson, 996 F.2d 1560, 1568 (4th Cir. 1993). Moreover, "[c]ounsel is not obligated to assert all nonfrivolous issues on appeal. Bell v. Jarvis, 236 F.3d at 164. Instead, "[t]here can hardly be any question about the importance of having the appellate advocate examine the record with a view to selecting the most promising issues for review." Jones v. Barnes, 463 U.S. 745,

752 (1983); see also Smith v. South Carolina, 882 F.2d 895, 899 (4th Cir. 1989). "Indeed, winnowing out weaker arguments on appeal and focusing on those more likely to prevail, far from being evidence of incompetence, is the landmark of effective advocacy." Bell v. Jarvis, 236 F.3d at 164 (quoting Smith v. Murray, 477 U.S. 527, 536 (1986)) (internal quotations omitted). However, although it is "still possible to bring a Strickland claim based on counsel's failure to raise a particular claim" on direct appeal, demonstrating that counsel was incompetent for failing to do so will be difficult. Smith v. Robbins, 528 U.S. 259, 288 (2000). "Generally only when ignored issues are clearly stronger than those presented, will the presumption of effective assistance of counsel be overcome." Gray v. Greer, 800 F.2d 644, 646 (7th Cir. 1986).

Here, Petitioner merely asserts that "appellate counsel failed to brief and argue issues on appeal that were properly preserved at trial level." Motion at 11. However, Petitioner fails to provide any evidence or support for this position, let alone, rebut the presumption that counsel merely winnowed out the weaker arguments on appeal. Thus, Petitioner has not shown that counsel was ineffective for failing to raise this issue on appeal. Accordingly, this ground should be denied.

**Claim 3: Actual Innocence**

Finally, in Petitioner's third ground, he claims that he is actually innocent of the criminal offense supporting his conviction and that in the interest of fundamental fairness, he should be granted relief. Actual innocence is not a ground for relief that can stand on its own. Rather, it is an argument that can be used as a vehicle to  allow Petitioner to avoid procedural default for, for example, failing to have raised claims on direct appeal. See,e.g., Bradshaw v. United States, No. 3:10CV34, 2010 WL 3928663, at *4 (N.D.W.Va. Aug. 23, 2010). As such, Petitioner's actual innocence claim is without merit in the instant § 2255 petition. However, even if this Court was

to consider Petitioner's actual innocence claim, typically to establish actual innocence a petitioner must demonstrate actual factual innocence of the offense of conviction, i .e., that petitioner did not commit the crime of which he was convicted; this standard is not satisfied by a showing that a petitioner is legally, but not factually, innocent." United States v. Mikalajunas, 186 F.3d 490, 494 (4th Cir. 1999). The petitioner must show that "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo, 513 U.S. 298 (1995). Should a petitioner prove actual innocence, the court should issue a writ of habeas corpus to prevent a "miscarriage of justice," regardless of whether the issue was procedurally defaulted. Hurdle v. United States, No. 2:07cv49, 2007 U.S. Dist. LEXIS 37709 (E.D.Va. May 22, 2007).  In this case, however, Petitioner makes only a naked assertion that he is actually innocent. He does not allege any specific evidence that was wrongly excluded from his trial nor does he present any new evidence that was not presented at trial. Furthermore, Petitioner does not dispute the sufficiency of the evidence offered at trial, he merely asserts that he should only have been charged with obstruction of justice. Accordingly, Petitioner has not met his burden of showing actual innocence so this claim must be denied.

## IV.    RECOMMENDATION

For the reasons stated above, the undersigned recommends that Petitioner's 28 U.S.C. § 2255 Motion to Vacate, Set Aside, or Correct Sentence be **DENIED**.

On or before **December 19, 2011,** any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections shall also be submitted to the Chief Judge John Preston Bailey, United States District Judge.  Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based

upon such recommendation. 28 U.S.C. § 636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985): <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* petitioner and counsel of record, as applicable.

DATED: December 5, 2011          /s/ *James E. Seibert*
                                 JAMES E. SEIBERT
                                 UNITED STATES MAGISTRATE JUDGE